**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JENNIFER STRICKLAND,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 1:23-cv-01136-ABJ** |
| **v.** ) | |
| ) | |
| **AD HOC LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ANSWER TO COMPLAINT

Defendant Ad Hoc LLC ("Ad Hoc" or "Defendant") hereby submit this Answer to Plaintiff's Complaint. Defendant denies liability and responds to the individually numbered paragraphs of the Complaint and interposes defenses as follows:

## INTRODUCTION

1.      This is a civil action brought by Ms. Jennifer Strickland against Defendant Ad Hoc, LLC under the anti-discrimination and anti-retaliation provision of the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01, *et seq.*

**ANSWER:**   The allegations contained in Paragraph 1 of the Complaint are conclusions to which no responses are required.  To the extent that a response is required, Defendant denies all of the allegations and denies any and all wrongdoing.

2.      Plaintiff Strickland joined Defendant Ad Hoc on August 19, 2019, as a Designer.

**ANSWER:**   Defendant admits that it hired Plaintiff on August 19, 2019 as a UX Designer.

3.      After she joined Ad Hoc, Ms. Strickland discovered that she was assigned to a lower-level position than to which she applied, and that she was paid less than her less-experienced, younger, white, non-disabled, male colleagues.

1

**ANSWER:**   Defendant admits that it hired Plaintiff as a UX Designer.  Defendant denies the remaining allegations in this Paragraph and further denies any and all wrongdoing.

4.     Over the course of her employment, Ms. Strickland raised the need for Ad Hoc to meet its contractual obligations to make its products accessible to disabled users and compliant with a range of regulations.

**ANSWER:**   Defendant admits that Plaintiff's job duties required her to assist Ad Hoc with meeting its contractual obligations to make its products accessible and compliant with certain regulations. Defendant denies the remaining allegations in this Paragraph and any and all wrongdoing.

5.     Ms. Strickland also raised concerns to Ad Hoc's management about her concerns she was being treated differently based on her sex.

**ANSWER:**   Defendant admits that Plaintiff raised alleged concerns about treatment based on sex.  Defendant denies the remaining allegations in this Paragraph and any and all wrongdoing.

6.     Ms. Strickland further sought an accommodation for her Post-Traumatic Stress Disorder and Traumatic Brain Injury.

**ANSWER:**   Defendant denies the allegations in this Paragraph and any and all wrongdoing.

7.     Just days after seeking an accommodation and raising concerns about disparate treatment and discrimination, and on the same day Ms. Strickland discussed pay disparity issues further with Ad Hoc management, Ad Hoc terminated Ms. Strickland's employment.

**ANSWER:**   Defendant denies the allegations in this Paragraph and any and all wrongdoing.

**PARTIES**

8.     Plaintiff Strickland is above the age of 18 and is currently a resident of Virginia.

**ANSWER:**   Defendant admits that Plaintiff is over the age of 18.   Defendant is without sufficient knowledge to admit or deny where Plaintiff currently resides, and therefore denies the remaining allegations of this Paragraph.

9.   At all times relevant hereto, Ms. Strickland was employed by Ad Hoc as a Designer.

**ANSWER:**   Defendant denies the allegations in his Paragraph.

10.   Plaintiff' Strickland's office with Ad Hoc was located in the District of Columbia.

**ANSWER:**   Defendant admits the allegations contained in this Paragraph.

11.   Defendant Ad Hoc is headquartered in Washington, DC.

**ANSWER:**    Defendant admits the allegations contained in this Paragraph.

**JURISDICTION AND VENUE**

12.   This court has jurisdiction of Ms. Strickland's claims under D.C. Code § 11-921.

**ANSWER:**    The allegations contained in this Paragraph contain legal conclusions to which no response is required.   To the extent a response is required, Defendant admits that jurisdiction is proper in this Court.

13.   The amount in controversy exceeds the jurisdictional amount for this Court.

**ANSWER:**   The allegations contained in this Paragraph contain legal conclusions to which no response is required.   Based on information and belief, Defendant admits the allegations in this Paragraph.

14.   Ad hoc is an "employer" within the meaning of D.C. Code § 2-401.02(10).

**ANSWER:**   The allegations in this Paragraph contain legal conclusions to which no response is required.   To the extent that a response is required, Defendant admits that it employed Plaintiff during her tenure with Ad Hoc.   Defendant denies the remaining allegations in this Paragraph.

15.     Ad Hoc is present in and conducts business in the District of Columbia and is subject to the personal jurisdiction of this Court.

**ANSWER:**   The allegations in this Paragraph contain legal conclusions to which no response is required.   To the extent that a response is required, Defendant admits that it conducts business in this District of Columbia and that jurisdiction is proper in this Court.

16.     At all times relevant hereto, Ad Hoc was present in, and conducted business in, the District of Columbia, and therefore is subject to the personal jurisdiction of this Court.

**ANSWER:**   The allegations in this Paragraph contain legal conclusions to which no response is required.   To the extent that a response is required, Defendant admits that it conducts business in this District of Columbia and that jurisdiction is proper in this Court.

17.     The tortious acts alleged in this Complaint were committed in the District of Columbia.

**ANSWER:**   The allegations in this Paragraph contain legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations in this Paragraph.   Defendant denies any and all wrongdoing.

18.     Ms. Strickland filed her complaint of discrimination with the District of Columbia Office of Human Rights on or before September 30, 2021.

**ANSWER:**   Defendant submits that the complaint at issue speaks for itself.

19.     Ms. Strickland withdrew her complaint with the Office of Human Rights, which was finalized on February 10, 2023.

**ANSWER:**   Defendant is without sufficient knowledge to admit or deny the allegations in this Paragraph, and therefore denies them.

20.     This Complaint is timely filed.

**ANSWER:**   The allegations in this Paragraph are legal conclusions to which no response is required.

21.   Venue over Ms. Strickland's claims is proper in this Court.

**ANSWER:**   The allegations contained in this Paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that venue is proper in this Court.

### FACTS GIVING RISE TO RELIEF

22.   Ms. Strickland is an extremely experienced software developer and designer who came to Ad Hoc with nearly 30 years of experience.

**ANSWER:**   Defendant is without sufficient knowledge to admit or deny the allegations in this Paragraph, and therefore denies them.

23.   Ms. Strickland applied for senior-level designer roles with Ad Hoc and was hired on or about August 19, 2019.

**ANSWER:**   Defendant admits it hired Plaintiff on August 19, 2019.  Defendant further admits that Plaintiff applied for several different positions at Ad Hoc.  Defendant denies the remaining allegations in this Paragraph and further denies any and all wrongdoing.

24.   In or around October of 2019, Ms. Strickland learned that she was hired as a "Mid-Level Designer", a position with lesser pay and agency than a Senior Level position.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

25.   The government contract upon which Ms. Strickland worked had her classified as a "Senior Designer II."

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

26.     Others hired to the same position—primarily younger, non-disabled, lesser-experienced, white men—all were hired at the Senior level.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

27.     Co-workers who were similarly situated to Ms. Strickland were senior designers (younger men, without a disability); Trevor Pierce (white, male, 35), David Kennedy (white, male, 35), and Josh Kim (Korean American, male, 25).

**ANSWER:**   The allegations in this Paragraph contain legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations in this Paragraph.

28.     All had less experience than Ms. Strickland but were paid more and given more agency than Ms. Strickland.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

29.     While at Ad Hoc, Ms. Strickland went above and beyond for the company.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

30.     Ms. Strickland put in 60-to-80-hour weeks and was eventually promoted to the Senior Designer level after 9 months.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

31.     While doing this work, Ms. Strickland raised concerns to management that Ad Hoc was not meeting its regulatory and contractual responsibilities to make its deliverables accessible to disabled users and hiring entry-level visual designers that were charged to the government as senior user experience roles.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

32.     Ms. Strickland further raised the issue of disparate pay and level to Ad Hoc management.

**ANSWER:**   Defendant admits that Plaintiff raised issues about her pay and the level at which Ad Hoc hired her.  Defendant denies the remaining allegations in this Paragraph and any and all wrongdoing.

33.     Ad Hoc conducted an alleged investigation on the pay issues but claims that it found no discrimination.

**ANSWER:**   Defendant admits that it investigated certain concerns raised by Plaintiff complaints of disparate pay and found no discrimination. Defendant denies the remaining allegations in this Paragraph.

34.     In the fall of 2020, Ms. Strickland raised the issue of seeking an accommodation for her Post Traumatic Stress Disorder (PTSD) and Traumatic Brain Injury (TBI).

**ANSWER:**   Defendant denies the allegations in this Paragraph.

35.     Previously, Ms. Strickland had disclosed to the Ad Hoc's User Experience Lead, Shawna Hein, that she had PTSD and a TBI.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

36.     Ms. Strickland explained to Ms. Hein that the chaos of being interrupted in meetings triggered Ms. Strickland's symptoms.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

37.     Hein responded that Ms. Strickland needed to practice mindfulness and that it was up to Ms. Strickland to address it.

**ANSWER:**   Defendant is without sufficient knowledge or information to admit or deny the allegations in this Paragraph, and therefore denies them.

38.     Ms. Strickland followed up by informing Ad Hoc's human resources of her PTSD and TBI.

**ANSWER:**   Defendant admits Ad Hoc's Human Resources team reached out to Plaintiff to discuss her alleged impairment after Plaintiff disclosed it to others. Defendant denies the remaining allegations in this Paragraph.

39.     Human resources informed Ms. Strickland that they would look into the issue.

**ANSWER:**   Defendant admits Ad Hoc's Human Resources Department at one point stated that it would get back to Plaintiff related to her disclosed impairment. Defendant denies the remaining allegations in this Paragraph.

40.     There was no follow up from human resources.

**ANSWER:**    Defendant denies the allegations in this Paragraph.

41.     Shortly after Ms. Strickland informed human resources that she had planned to formally seek a reasonable accommodation in the fall of 2020, Ms. Strickland was assigned a major project which required 80-hour work weeks from Ms. Strickland.

**ANSWER:**   Defendant denies that any assignment was in any way connected to her impairment.  Defendant denies the remaining allegations in this Paragraph.

42.     Ms. Strickland delayed submitting a formal request, as the disruption of change would be more of an issue to delivery.

**ANSWER:**   Defendant admits that Plaintiff never requested an accommodation or provided Defendant with any information by which it could assess an accommodation request. Defendant denies the remaining allegations in this Paragraph.

43.     In or around November 2020, Ms. Strickland spoke with Ad Hoc Creative Director Danny Chapman about being treated differently because of her race, sex, age, and disability when it came to being hired at a lower level than her similarly situated male coworkers.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

44.     Mr. Chapman only stated that he stood by his decision and gave no reason why Ms. Strickland was hired at a lower level.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

45.     On December 11, 2020, Ms. Strickland raised concerns about the level of her bonus and explicitly sought to continue conversations about the discrimination and harassment concerns she had.

**ANSWER:**   Defendant admits that in December 2020 Plaintiff raised concerns about her bonus and mentioned alleged harassment.  Defendant denies the remaining allegations in his Paragraph.

46.     On December 14, 2020, Ms. Strickland received the form for making a reasonable accommodation request.

**ANSWER:**   Defendant admits the allegations in this Paragraph.

47.     On December 16, 2020, Ms. Strickland met with Human Resource Director, Priscilla McMahon, and Vice President of Veteran Affairs business, Dawn Munoz, to discuss Ms. Strickland's bonus, work concerns around discrimination and workplace harassment.

**ANSWER:**   Defendant admits the allegations in this Paragraph.

48.     Ms. Strickland informed McMahon and Munoz that she had to review the accommodation request with her lawyer, and stated her lawyer suggested Ms. Strickland create a chronology to help Ad Hoc understand her concerns.

9

**ANSWER:**   Defendant admits that Plaintiff mentioned her attorney during the meeting on December 16, 2020.  Defendant denies the remaining allegations in this Paragraph.

49.   At that moment, when Ms. Strickland mentioned the lawyer's recommendation of creating a chronology, Ms. McMahon terminated Ms. Strickland that very moment and told Ms. Strickland was not working in "good faith with HR" because Ms. Strickland had asked her attorney and Virginia Rehabilitation Counselor about accessibility accommodation before requesting an accessibility accommodation through HR.

**ANSWER:**   Defendant admits it terminated Plaintiff's employment during the December 16, 2020 meeting.  Defendant denies the remaining allegations in this Paragraph.  Defendant denies any and all wrongdoing.

50.   Ms. Strickland was fired on December 16, 2020, despite having received a message on December 9, 2020, that she was a "valued" member of the team and being offered by Vice President of Digital Services Larry Bafundo to lead a new accessibility department on December 15, 2020.

**ANSWER:**   Defendant admits that it terminated Plaintiff's employment on December 16, 2020.  Defendant denies the remaining allegations in this Paragraph and further denies any and all wrongdoing.

51.   The only negative feedback Ms. Strickland had received about her work was that her communication style came across as "urgent", evidently referring to her efforts to ensure the company complied with Federal law.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

52.   Ms. Strickland had not received any written warnings prior to her termination.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

## COUNT I

**(Race, Sex, and Age Discrimination in Violation of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967--Disparate Payment)**

53.    The allegations of the foregoing paragraphs are incorporated as if re-alleged herein.

**ANSWER:**   Defendant realleges and incorporates by reference its responses to the above paragraphs as if fully stated herein.

54.    Ms. Strickland was an employee of Ad Hoc within the meaning of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967.

**ANSWER:**   The allegations in this Paragraph contain legal conclusions to which no response is required.

55.    Ad Hoc is an employer within the meaning of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967.

**ANSWER:**   The allegations in this Paragraph contain legal conclusions to which no response is required.

56.    Ad Hoc, through its agents, officers and employees, discriminated against Ms. Strickland account of her race (mixed: Black/Mexican/white), sex (nonbinary-female), age (55), disability (mental) during the course of Ms. Strickland's employment.  This discrimination was with respect to the terms, conditions, and privileges of Ms. Strickland's employment, in violation of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as

amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

57.   Ms. Strickland was paid less than her white, male, younger, non-disabled counter parts as a result of the discrimination to which she was subjected.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

58.   This discrimination involved and affected the terms, conditions, and privileges of Ms. Strickland's employment in violation of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

59.   The actions of Ad Hoc had the effect and consequence of violating the provisions of the D.C. Human Rights Act, D.C. Code § 2-1402.11, Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

60.   The discriminatory actions of Ad Hoc were intentional, were actuated by malice, spite, and ill-will, were willful and wanton, and evinced a conscious and reckless disregard for Ms. Strickland's rights.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

61.   Pursuant to D.C. Human Rights Act, D.C. Code § 2-1401, et seq., in violation of D.C. Code § 2-1402.11, Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967 and

as otherwise allowed by law, Plaintiff Strickland is entitled to relief and damages, including but not limited to injunction, reinstatement to the same position held before the prohibited personnel action or to an equivalent position, reinstatement of the employee's seniority rights, restoration of lost benefits, back pay, front pay, interest, compensatory damages, liquidated damages, punitive damages, reasonable costs, and attorney fees.

**ANSWER:**   Defendant denies the allegations in this Paragraph

### COUNT II

**(Race, Sex, and Age Discrimination in Violation of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967 — Wrongful Termination)**

62.    The allegations of the foregoing paragraphs are incorporated as if re-alleged herein.

**ANSWER:**   Defendant realleges and incorporates by reference its responses to the above paragraphs as if fully stated herein.

63.    Ms. Strickland was an employee of Ad Hoc within the meaning of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967.

**ANSWER:**   The allegations in this Paragraph contain legal conclusions to which no response is required.

64.    Ad Hoc is an employer within the meaning of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967.

**ANSWER:**   The allegations in this Paragraph contain legal conclusions to which no response is required.

65.     Ad Hoc, through its agents, officers and employees, discriminated against Ms. Strickland account of her race (mixed: Black/Mexican/white), sex (nonbinary-female), age (55), disability (cognitive) during the course of Ms. Strickland's employment.  This discrimination was with respect to the terms, conditions, and privileges of Ms. Strickland's employment, in violation of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967.

**ANSWER:**     Defendant denies the allegations in this Paragraph.

66.     Ms. Strickland was terminated from her position as a Designer as a result of the discrimination to which she was subjected.

**ANSWER:**     Defendant denies the allegations in this Paragraph.

67.     This discrimination involved and affected the terms, conditions, and privileges of Ms. Strickland's employment in violation of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967.

**ANSWER:**     Defendant denies the allegations in this Paragraph.

68.     The actions of Ad Hoc had the effect and consequence of violating the provisions of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967.

**ANSWER:**     Defendant denies the allegations in this Paragraph

69.     The discriminatory actions of Ad Hoc were intentional, were actuated by malice, spite, and ill-will, were willful and wanton, and evinces a conscious and reckless disregard for Ms. Strickland's rights.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

70.     Pursuant to of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967, and as otherwise allowed by law, Plaintiff Strickland is entitled to relief and damages, including but not limited to injunction, reinstatement to the same position held before the prohibited personnel action or to an equivalent position, reinstatement of the employee's seniority rights, restoration of lost benefits, back pay, front pay, interest, compensatory damages, punitive damages, liquidated damages, reasonable costs, and attorney fees.

**ANSWER:**   Defendant denies the allegations in this Paragraph

### COUNT III

**(Retaliation in Violation of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967—Termination)**

71.     The allegations of the foregoing paragraphs are incorporated as if re-alleged herein.

**ANSWER:**   Defendant realleges and incorporates by reference its responses to the above paragraphs as if fully stated herein.

72.     Ms. Strickland was an employee of Ad Hoc within the meaning of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967.

**ANSWER:**   The allegations in this Paragraph contain legal conclusions to which no response is required.

73.     Ad Hoc is an employer within the meaning of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967.

**ANSWER:**   The allegations in this Paragraph contain legal conclusions to which no response is required.

74.     Ad Hoc, through its agents, officers and employees, retaliated against Ms. Strickland account of her protected activity (including, but not limited to, complaining of disparate pay on the basis of race, sex, and age, complaining of harassment, and seeking reasonable accommodations, as well as raising concerns for hiring entry level designers and charging as senior and not delivering on contractual obligations) during the course of Ms. Strickland's employment. This retaliation, which included terminating Ms. Strickland's employment, could dissuade a reasonable employee from engaging in activity protected by the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

75.     Ms. Strickland was terminated from her position as a Designer as a result of the retaliation to which she was subjected.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

76.     The actions of Ad Hoc had the effect and consequence of violating the provisions of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as

16

amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

77.   The retaliatory and discriminatory actions of Ad Hoc were intentional, were actuated by malice, spite, and ill-will, were willful and wanton, and evinced a conscious and reckless disregard for Ms. Strickland's rights.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

78.   Pursuant to the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967 and as otherwise allowed by law, Plaintiff Strickland is entitled to relief and damages, including but not limited to injunction, reinstatement to the same position held before the prohibited personnel action or to an equivalent position, reinstatement of the employee's seniority rights, restoration of lost benefits, back pay, front pay, interest, compensatory damages, punitive damages, liquidated damages, reasonable costs, and attorney fees.

**ANSWER:**   Defendant denies the allegations in this Paragraph.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Strickland requests that this Court enter judgment in her favor, and against the Defendant Ad Hoc, and further:

a)   Award Plaintiff Strickland compensatory, liquidated and other damages;

b)   Award back pay and front pay to Ms. Strickland;

c)   Award punitive damages to Plaintiff Strickland;

d)      Award Ms. Strickland reasonable attorneys' fees and the costs of this action, including expert witness fees; and in addition

e)      Declare that the Defendant has violated the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967; and in addition

f)      Enjoin the Defendant from further violations of the District of Columbia Human Rights Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967; and in addition

g)      Award Ms. Strickland such other and further relief as may be appropriate under the circumstances.

**ANSWER:**   The allegations in this Prayer for Relief require no answer.  To the extent an answer is required, Defendant denies that it is liable to Plaintiff in any amount or upon any theory of recovery and further denies that Plaintiff is entitled to any of the non-monetary relief she demands.

## JURY DEMAND

Plaintiff Jennifer Strickland demands a trial by jury.

**ANSWER:**   To the extent this Paragraph alleges any unlawful actions or liability on the part of Defendant, Defendant denies these allegations.

**Additional Defenses**[1]

1.      This Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

2.      At all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

3.      Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because she cannot establish a *prima facie* case of discrimination or retaliation in violation of any federal, state, or local law or regulation.

4.      Any and all actions taken by Defendants with respect to Plaintiff's employment or the terms and conditions thereof were based upon legitimate business reasons and were taken without regard to Plaintiff's rights, entitlements, actions or inactions under law.

5.      Plaintiff's claims for damages are barred or reduced, in whole or in part, to the extent Plaintiff cannot demonstrate causation, *i.e.*, by her failure to suffer actual damages and/or by her inability to prove actual damages as a result of any acts or omissions by Defendant.

6.      Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff.  To the extent Plaintiff has failed to make reasonable attempts to mitigate her damages, Plaintiff's damage claims must be reduced.

---

[1] Defendant asserts these defenses pursuant to federal and local court rules, but such defenses may not be exclusive and Defendant does not concede that it bears any burden of proof or production with respect to these or other additional defenses that may arise in the course of this litigation.

7.     To the extent Plaintiff seeks punitive or liquidated damages, her claims are barred because Defendants did not engage in any conduct which would rise to the level required to sustain an award of compensatory or liquidated damages, and/or Plaintiff will be unable to establish sufficient facts at trial to legally support an award of punitive or liquidated damages.

8.     Even assuming that Plaintiff's allegations were sufficient to warrant an award of punitive or liquidated damages (and they are not), an award of punitive or liquidated damages would be precluded by good faith efforts taken by Defendants to comply with federal and state law, including all laws pertaining to employment, and because the same actions would have been taken regarding Plaintiff's employment even in the absence of a discriminatory motive.

9.     Plaintiff's claims are barred to the extent discovery may reveal that Plaintiff was not a qualified or suitable candidate for, or otherwise should not have been selected for, the position at issue and/or engaged in misconduct during her prior employment with Ad Hoc and/or during the application process (after-acquired evidence doctrine).

10.     Plaintiff's claims for relief are barred to the extent that Plaintiff seeks damages in excess of the limits imposed by applicable law.

11.     Defendants would have taken the same actions and made the same decisions irrespective of any alleged unlawful intent, therefore, Plaintiff's claims fail as a matter of fact and law even if Plaintiff was able to prove (and she cannot) that the actions and decisions taken by Defendants were motivated, in whole or in part, by unlawful discriminatory intent.

12.     Plaintiff's claims are barred, in whole or in part, by the applicable election of remedies; doctrine of unclean hands; and/or bad faith.

13.     Plaintiff's retaliation claims are barred because any complaint or other protected activity by Plaintiff was not made in good faith.

14. Defendants reserves the right to rely on each and every additional defense that may become known to them through the course of this litigation, including discovery, trial, or otherwise. Defendants expressly reserves the right to amend this Answer, to assert different or additional defenses, or to otherwise amend any of its denials or averments.

WHEREFORE, Defendant prays for judgment against Plaintiff on her Complaint as follows:

1. For an Order dismissing Plaintiff's Complaint with prejudice and entering judgment in favor of Defendant and against Plaintiff;

2. For all costs, disbursements and reasonable attorney's fees incurred by Defendant in connection with the defense of this matter; and

3. For all other relief as the Court in the exercise of its discretion deems just and proper.

Respectfully submitted,

**JACKSON LEWIS P.C.**

Dated: May 1, 2023          By:    /s/ _____
                                  John R. Remy (DC Bar No. 461244)
                                  Andrew J. Bellwoar (D.C. Bar No. 1044203)
                                  10701 Parkridge Boulevard, Suite 300
                                  Reston, VA  20191
                                  (703) 483-8300 (Telephone)
                                  (703) 483-8301 (Fax)
                                  John.Remy@jacksonlewis.com
                                  Andrew.Bellwoar@jacksonlewis.com

                                  *Counsel for Defendant Ad Hoc LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on May 1, 2023, a copy of the foregoing *Answer to Complaint* was served and filed electronically with the Clerk of the Court using the CM/ECF and on the following counsel of record for Plaintiff:

> Geoffrey H. Simpson (D.C. Bar No. 988437)
> Webster & Fredrickson, PLLC
> 1101 Connecticut Ave., NW, Suite 402
> Washington, DC  20036
> Phone:  202-659-8510
> Fax: 703-761-5023
> gsimpson@websterfredrickson.com
>
> ***Counsel for Plaintiff***

/s/
John M. Remy